**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-01521-REB-PAC

WRI INVESTMENTS III, INC., a Washington limited liability company,

    Plaintiff,

v.

WILLIAM M. PURCELL,
S. ROBERT AUGUST, and
WILLIAM S. GRAY, individuals,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON LIABILITY**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Summary Judgment on Liability** [#30], filed June 18, 2007. I grant the motion.[1]

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c);

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that the hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A movant who will bear the burden of proof at trial must submit evidence to establish every essential element of its claim.  ***See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation***, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1518 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995).  All the evidence must be viewed in the light most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

On May, 24, 2004, plaintiff loaned $2,410,000 to Adare Homes Potomac Farms, LLC, a limited liability company owned by defendants, to develop 195 single family residential lots.  Defendants executed a Guaranty in connection with the loan.  (***See*** Plf. Motion App., Exh. 4 at 1, ¶ 1. (obligating defendants "absolutely and unconditionally . . .

to pay to Lender [WRI] or its order any and all indebtedness of Borrower [Adare] to Lender and to perform any and all obligations of Borrower under the Loan Documents").)  When the loan was not repaid, plaintiff filed this suit.  It now seeks partial summary judgment on the issue of liability.

In their response to the motion, defendants acknowledge liability for the principal amount of the debt and some amount of "Additional Interest" thereunder.  (*See id.*, Exh. 2 at 2, ¶ 4.1 (providing that "the entire principal balance of the Loan and any unpaid interest and all other amounts owing on account of the Loan or pursuant to the Loan Documents shall be immediately due and payable" as of the "Maturity Date," June 1, 2005).)  The only question presented is whether defendants are liable only for Additional Interest attributable to lots and units Adare actually sold.[2]

With regard to Additional Interest, the Promissory Note provides that:

> . . . . Borrower shall pay to Lender additional interest (the "Additional Interest") in connection with the release of Lender's security interest in each Unit or Lot comprising the Project, in an amount described in the Loan Agreement. The Additional Interest payable with respect to each Unit or Lot shall become due upon and shall be paid from the escrow established for the closing of the sale of such Unit or Lot, or in any event upon the Maturity Date, . . .

(*Id.*, Exh. 2 at 2, ¶ 2.4.)  The Loan Agreement likewise contemplates the payment of Additional Interest, specifying the rates and adjustments applicable to different types of lots and units.  (*Id.,* Exh. 3(B) at 1-2, ¶¶ A.1, A.2, & A.3.)  It provides further that:

---

[2] Of 150 lots originally purchased by Adare, 45 were designated to be sold to merchant homebuilders, and Adare was to construct single family residential homes on the remainder.  Adare sold 19 of the 45 lots designated for sale to merchant homebuilders and constructed and sold 8 single family homes on the remaining lots.

> After Lender has received payment of all principal, accrued interest, and Additional Interest due with respect to Unites, Builder Lots, and other Lots that have previously closed, Borrower shall be obligated to prepay Additional Interest on remaining Unites, Builder Lots, and other Lots until all Additional Interest is paid in full, at such times and in such amounts set forth in this Section.  Prior to the Maturity Date, such prepayments of Additional Interest must be made in connection with the release of any Unit, Builder Lot, other Lot, or other portion of the Property from the Deed of Trust, . . . Upon the Maturity Date, all unpaid Additional Interest shall be due and payable in full.

(*Id.*, Exh. 3(B) at 2, ¶ A.4.)  Although the Guaranty obligates defendants "absolutely and unconditionally . . . to pay to Lender or its order any and all indebtedness of Borrower to Lender," (*id.*, Exh. 4 at 1, ¶ 1.1), it includes an exception with respect to the payment of Additional Interest:

> Guarantor does not guarantee payment of "Additional Interest" (as defined in the Loan Agreement) on any portion of the Project that remains unsold by Borrower if and when Lender forecloses against the Project (whether judicially or non-judicially) or accepts a deed-in-lieu of foreclosure.

(*See id.*, Exh. 4 at 2, ¶ 1.3.)

The intent of these provisions, singly and collectively, could not be clearer.  As guarantors of the loan, defendants are required to pay Additional Interest on all lots and units, whether sold or unsold, no later than the Maturity Date, unless plaintiff has foreclosed on the property or accepted a deed-in-lieu of foreclosure.  As neither of the circumstances that trigger this exception to the obligation have occurred,[3] defendants'

---

[3] In the affidavit attached to defendants' response, defendant William Purcell states that "AmTrust Bank, formerly known as Ohio Savings Bank, commenced foreclosure proceedings against the Project and related real property . . . on March 13, 2007." (Def. Resp. App., Exh. 1 at 3, ¶ 13.)  However, defendants present no evidence showing any connection between plaintiff and the allegedly foreclosing bank, nor any argument as to why these foreclosure proceedings should trigger the exception under the

4

liability is not limited to only those lots and units that have been sold.

Defendants aver that they understood the Loan Agreement and Promissory Note to require "that Additional Interest was only owed to Plaintiff for Lots and housing Units for which a sale by Adare to a third-party was actually completed." (Def. Resp. App., Exh. 1 at 2, ¶ 7.) Defendants' subjective, extrinsic understanding of the meaning of the contract is irrelevant. Extrinsic evidence such as "evidence of local usage and of the circumstances surrounding the making of the contract" may be conditionally admitted to determine whether ambiguity exists. ***Cheyenne Mountain School District # 12 v. Thompson***, 861 P.2d 711, 715 (Colo. 1993). However, this limited exception to the parole evidence rule does not make probative or admissible the parties' own extrinsic expressions of intent. ***Public Service Co. of Colorado v. Meadow Island Ditch Co. No. 2***, 132 P.3d 333, 339 (Colo. 2006).

### IV.  CONCLUSION

Defendants are liable under the terms of the Guaranty they executed for Additional Interest on all lots and units that were the subject of the Loan Agreement and Promissory Note. Accordingly, plaintiff is entitled to partial summary judgment on the issue of liability.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Summary Judgment on Liability** [#30], filed June 18, 2007, is **GRANTED**.

---

Guaranty absolving defendants of the responsibility for the payment of Additional Interest on unsold lots and units.

Dated September 24, 2007, at Denver, Colorado.

                          **BY THE COURT:**

                          **s/ Robert E. Blackburn**
                          **Robert E. Blackburn**
                          **United States District Judge**